```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


HENRY C. PRUITT,                 §
                                 §
          Plaintiff,             §
                                 §
VS.                              §    CIVIL ACTION H-09-2534
                                 §
DEPARTMENT OF THE ARMY,          §
                                 §
          Defendant.             §
```

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, grounded in the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and seeking production of *pro se* Plaintiff/veteran Harry C. Pruitt's medical records, is Defendant the Department of the Army's motion to dismiss (instrument #18) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because Plaintiff neither alleges exhaustion of administrative remedies nor cites a legal basis establishing subject matter jurisdiction. Plaintiff Henry C. Pruitt has failed to respond to the motion.

**Relevant Law**

Congress passed the FOIA to facilitate public access to government documents. *United States Department of State v. Ray*, 502 U.S. 164, 173 (1991). It was "designed to pierce the veil of administrative secrecy and to open agency action to the light of

public scrutiny." *Department of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

The FOIA does not expressly require that a plaintiff exhaust his administrative remedies before seeking judicial review, but the Fifth Circuit requires exhaustion as a prerequisite to filing suit. *Robinett v. U.S. Postal Service*, No. Civ. A. 02-1094, 2002 WL 1728582, *3 (E.D. La. July 24, 2002), *citing Headley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979)(per curiam), and *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993(per curiam). *See also Thomas v. U.S. Dept. of Justice*, 260 Fed. Appx. 677, 680 (5th Cir. Dec. 21, 2007)("Exhaustion of administrative remedies is required prior to seeking judicial review of the denial of an FOIA request."), *citing Headley*, 594 F.2d at 1044. Exhaustion requires that the agency deny all or a part of a party's request. *Taylor v. Appleton*, 30 F.3d 1365, 1368 (11th Cir. 1994).

**Standard of Review**

*Pro se*

The district court is to construe liberally the briefs of *pro se* litigants and to apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(reciting the long-established rule that documents filed pro se are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538,

543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

*Rule 12(b)(1)*

There is a division among the courts whether a motion to dismiss for failure to exhaust administrative remedies under FOIA should be brought under Federal Rule Civil Procedure 12(b)(1) or 12(b)(6). *See, e.g., Taylor v. Appleton*, 30 F.3d 1365, 1367-68 & n.3 (11th Cir. 1994)(Exhaustion of remedies is not a jurisdictional requirement but is similar to the judicial doctrine of ripeness in postponing judicial review and therefore the FOIA claim should be dismissed pursuant to 12(b)(6)), *citing Dresser Indus. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979); *Kester v. U.S.*, 899 F. Supp. 644, 645 (D.D.C. 1995)("exhaustion of administrative remedies is a jurisdictional prerequisite to the maintenance of a suit under the FOIA"), *citing American Federation of Gov't Employees v. United States Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990), and *Stebbing v. Nationwide Mutual Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985); *Bettwieser v. Lucas*, 364 Fed. Appx. 392, 2010 WL 510623 (9th Cir. Feb. 11, 2010)(affirming district court's dismissal of FOIA claim under 12(b)(1) for lack of subject matter jurisdiction). Since both rules of civil procedure have been cited here, the Court will review the issue under both.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, MD, PA v. Sebelius*, ___ F.3d ___, No. 10-10290, 2011 WL 870724, *4 (5th Cir. Mar. 15, 2011), *citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof for a 12(b)(1) motion. *Ramming*, 281 F.3d at 161. In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 199 (5th Cir. 2000). A facial

attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981). The plaintiff, to satisfy his burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id*. The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson*, 2008 WL 4692392 at *10, citing Garcia*, 104 F.3d at 1261. In resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit,[1] has

---

[1] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d 747, 753 (S.D. Tex. 2003),

> It is well settled that "a district court has broader power to decide its own right to hear the case than it

significant authority "'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

Here Defendant does not attach documentary evidence to its motion, and it can be interpreted as a facial attack contending that Plaintiff has failed to plead an essential element of his claim, exhaustion of remedies. Nevertheless Defendant cites to and relies upon the letters from various individuals in the National Personnel Records Center, attached to Plaintiff's complaint. These letters do not deny his requests for information, but explain the difficulties in finding the documents he seeks and suggest additional sources he can try to obtain copies of the records he

---

has when the merits of the case are reached." [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.). *cert. denied*, 454 U.S. 897 (1981).] "Jurisdictional issues are for the court--not the jury--to decide, whether they hinge on legal or factual determinations. *Id.* To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; *see Menchaca v. Chrysler Credit Corp.*,613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

seeks. In other words, they demonstrate he has not exhausted his administrative remedies. The Court thus can review it as either a facial or a factual attack, with the same result, dismissal without prejudice for failure to exhaust.

The Court observes that Plaintiff's complaint requests a waiver of all fees for his military records and that the Department of Veterans Affairs "has stated that it will not pay for documentation and that the burden of proof is on me. I believe that to charge a veteran to rebuild in [*sic*] military record [because a fire may have destroyed them] is unfair and the cost should not be placed on me."

FOIA requires that an agency charge a fee for searching copying and reviewing files. *McQueen v. U.S.*, 264 F. Supp. 2d 502, 524 (S.D. Tex. 2003)(citing 5 U.S.C. § 552 (a)(4)(A)), *aff'd*, 100 Fed. Appx. 964 (5th Cir. 2004). Fees may be waived if the requester demonstrates that disclosure of the requested information (1) "'is in the public interest because it is likely to contribute significantly to public understanding of the activities of the government'" and (2) "'is not primarily in the commercial interest of the requester.'" *Id.*, citing 5 U.S.C. § 552(a)(4)(A)(iii); *Voinche v. United States Dep't of the Air Force*, 983 F.2d 667, 668 nn.2 and 3 (5th Cir. 1993). A fee waiver requester bears the burden of proving an entitlement to a fee waiver. *Id.* A request for a fee waiver must be exhausted before it can be raised in court.

*Voinche*, 983 F.2d at 669[2]; *in accord AFGHE, Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203, 206, 209 (D.C. Cir. 1990). The court reviews the matter *de novo,* but is limited to the record in front of the agency. *McQueen*, 264 F. Supp. 2d at 524; *AFGHE*, 907 F.2d at 209. Plaintiff has not alleged nor shown that he made a fee waiver request to the agency, no less that a final decision was made by the agency. While the correspondence attached to the complaint reflects that the writers informed Plaintiff about the amount of the fees, there is no indication that he asked for a waiver.

*Federal Rule of Civil Procedure 12(b)(6)*

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, ___ F.3d ___, No. 10-10290, 2011 WL 870724, *4 (5th Cir. Mar. 15, 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

---

[2] In *Kemmerly United States Department of the Interior*, Civ. A. No. 07-9794, 2010 WL 2985813, *4 (E.D. la. July 26, 2010) the district court wrote,

> "According to DOI regulations, a FOIA requester must either request a fee waiver or provide assurance that [he] will pay the estimated fees associated with [his] request before the request can be processed. *See* 43 C.F.R. § 2.8(b)(1)(2006). Even if they request a fee waiver, fee issues must be resolved before the agency begins processing the request. *See* 43 C.F.R. § 2.8(b)(2)(2006).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").  "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"),

citing *Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008).

As noted, Plaintiff has failed to allege exhaustion of remedies, and the correspondence attached to his complaint demonstrates that he has not met that requirement.

Accordingly, the Court

ORDERS that Defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) is GRANTED without prejudice.

**SIGNED** at Houston, Texas, this  24th  day of  March , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE